UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERRY RAMRATTAN,

                    Plaintiff,

          -against-

THE STATE OF NEW YORK; (DOCCS)
PHYSICIAN GUZMAN; (DOCCS)
QUALIFIED INTERPRETER MS. LEWIS;
(DOCCS) DEPUTY OF PROGRAMS MS.
MORRIS,

                    Defendants.

21-CV-11230 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated in Eastern New York Correctional Facility in Napanoch, Ulster County, New York, brings this *pro se* action under 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act of 1973, and state law, alleging that Defendants violated his rights in Eastern New York Correctional Facility. Named as Defendants are the State of New York and three employees of the New York State Department of Corrections and Community Supervision (DOCCS) who are employed at Eastern New York Correctional Facility. For the following reasons, this action is transferred to the United States District Court for the Northern District of New York.

## DISCUSSION

      Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the

person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial

district where it is subject to personal jurisdiction with respect to the civil action in question. *See*

28 U.S.C. § 1391(c)(1), (2).

Plaintiff filed this complaint regarding events occurring at Eastern New York

Correctional Facility, located in Ulster County, New York, which falls in the Northern District of

New York. Because Plaintiff alleges that a substantial part of the events or omissions underlying

his claim arose outside this District, venue does not appear to be proper in this District under

Section 1391(b)(2).

Plaintiff does not provide addresses for Defendants, but he alleges that all the individual

defendants work at Eastern New York Correctional Facility. The State of New York arguably

resides in this District and in the Northern District of New York.[1] Venue therefore may be proper

in this District under Section 1391(b)(1).

Even if venue is proper here, however, the Court may transfer claims "[f]or the

convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

"District courts have broad discretion in making determinations of convenience under Section

1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H.*

---

[1] Plaintiff's Section 1983 claims against the State of New York are likely barred by the Eleventh Amendment. His claims under the ADA, however, may not be barred. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Congress, however, may have abrogated a states' Eleventh Amendment immunity for claims under Title II of the ADA. *See United States v. Georgia*, 546 U.S. 151, 159 (2006); *Tennessee v. Lane*, 541 U.S. 509, 533-34 (2004); *Dean v. Univ.* at Buffalo Sch. of Med. & Biomedical Sci., 804 F.3d 178, 193-95 (2d Cir. 2015).

*Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Eastern New York Correctional Facility, where Plaintiff is incarcerated, where

the individual defendants work, and where relevant witness and documents are likely located.

Eastern New York Correctional Facility is located in Ulster County, which falls within the

Northern District of New York. *See* 28 U.S.C. § 112(a). Venue is therefore proper in the Northern

District of New York. *See* 28 U.S.C. § 1391(b). Based on the totality of the circumstances, the

Court concludes that it is in the interest of justice to transfer this action to the United States

District Court for the Northern District of New York. 28 U.S.C. § 1404(a).

### CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court

for the Northern District of New York. Whether Plaintiff should be permitted to proceed further

without prepayment of fees is a determination to be made by the transferee court. A summons

shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note

service on the docket.

SO ORDERED.

Dated:   January 6, 2022
         New York, New York

                                  /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                  Chief United States District Judge

4